# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2022

Lyle W. Cayce
Clerk

No. 21-20455
Summary Calendar

---

Elwyn Shaw; Vera Zyga Shaw,

*Plaintiffs—Appellants*,

*versus*

American Bankers Insurance Company of Florida,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3458

---

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

After allegedly sustaining flood damage to their home from Hurricane Harvey, Vera and Elwyn Shaw filed a claim with their insurer, American Bankers Insurance Company of Florida (American Bankers). A claims adjuster inspected the Shaws' home and reported to American Bankers that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

there were no visible signs of covered flood damage, so American Bankers denied the Shaws' claim.  The Shaws then sued American Bankers for breach of contract.

American Bankers filed a motion for summary judgment, arguing that the Shaws failed to produce any evidence of a "flood," as defined by their flood insurance policy, or that the damage to their property resulted from a "flood" rather than from some other event not covered by their policy.  The Shaws did not respond.  The district court granted summary judgment in favor of American Bankers.  The Shaws then moved for relief under Federal Rules of Civil Procedure 59(e) and 60(b), attaching new record evidence that they argued supported denial of American Bankers' summary judgment motion.  The district court denied the Shaws' motion after exercising its discretion to consider the newly presented evidence, and the Shaws timely appealed.  We AFFIRM.

In support of their motion for relief from the district court's summary judgment order, the Shaws submitted several new pieces of record evidence: (1) their responses to American Bankers' first set of interrogatories; (2) Elwyn Shaw's deposition notice; (3) an affidavit of Todd C. Collins, the Shaws' legal counsel; (4) an affidavit of Lesley Sanders, Todd Collins's legal assistant; and (5) a "Water Damage Assessment Report" prepared by Montgomery Roth Architecture & Interior Design, LLC.

After a close review of the above exhibits, we are persuaded that the district court properly denied the Shaws' motion for relief from the judgment.  The flood insurance policy at issue obligates American Bankers to cover only direct physical losses by or from a "flood."  The policy defines "flood" in a very specific way:

No. 21-20455

1. A general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (one of which is your property) from:

    a. Overflow of inland or tidal waters.

    b. Unusual and rapid accumulation or runoff of surface waters from any source,

    c. Mudflow.

2. Collapse or subsidence of land along the shore of a lake or similar body of water as a result of erosion or undermining caused by waves or currents of water exceeding anticipated cyclical levels that result in a flood . . . .

44 C.F.R. § Pt. 61, App. A(1).

The Shaws' evidence fails to create a genuine fact issue about whether there was a "flood," as defined by the policy. Moreover, and more importantly, it fails to create a genuine fact issue as to whether a "flood," as defined by the policy, caused the damage to the Shaws' home rather than a different event not covered by the policy. The Shaws have now had two opportunities to present sufficient evidence to carry their summary judgment burden, but they have failed to do so.

Accordingly, the judgment is AFFIRMED.